UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
:
CHRISTOPHER D. GLENN,                  :     CASE NO. 1:18CV02215
                                       :
    Plaintiff,                         :
                                       :
vs.                                    :     OPINION & ORDER
                                       :     [Resolving Doc. 1, 2, 4]
                                       :
DETECTIVE SCOTT GARDNER, et al.,       :
                                       :
    Defendants.                        :
                                       :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Christopher Glenn sues Detective Scott Gardner, Sergeant Holbrook, Plain Dealer reporter Evan McDonald, and Fox 8 News reporter Wayne Dawson.[1] Plaintiff makes claims under (1) 42 U.S.C. §§ 1983, 1985, 1986,[2] (2) 18 U.S.C. § 241, and (3) various state laws. Plaintiff's claims relate to events associated with a house explosion in East Cleveland.[3]

Plaintiff moves this Court for leave to proceed with this case *in forma pauperis*, which is granted.[4] For the reasons stated below, this action is dismissed.

I. Background

Plaintiff alleges that on June 10, 2018 the East Cleveland Police Department made him a "person of interest" regarding a house explosion on East 125th Street in East

---

[1] Doc. 1.

[2] *See* Doc. 1 at 3 and Doc. 1-1.

[3] Doc. 1 at 4.

[4] Doc. 2 and 4.

Case No. 1:18CV02215
Gwin, J.

Cleveland, Ohio. He claims that the East Cleveland Detective Bureau, A.T.F., and the U.S. Fire Marshal "interviewed me and dropped all felony charges."[5]

Plaintiff alleges that he has "been judged every day" at the Cuyahoga County Jail for a house explosion he had no involvement with and this "exploding incident was brought up at my violation hearing and used against me to the point that I am doing time in the county … as opposed to receiving more probation time."[6]

In addition, Plaintiff claims that his character has been destroyed and that he has been ostracized "because of the East Cleveland Police going public and fraudulently making up this story for The Plain Dealer, Fox 8 News, and other channels to display me in a negative light."[7]

Plaintiff alleges that he has suffered threats from other detainees and officers, shame, mental anguish, and severe depression.[8] He asks this Court to "make me whole" and grant relief for the "libel, slander, mental anguish, character assassination and extra time attributed to my sentence" for a crime he did not commit.[9]

Plaintiff states that he filed a grievance at the Cuyahoga County Jail claiming entrapment, character assassination, defamation, libel, slander, and unlawful restraint, but has not received a response.[10]

---

[5] Doc. 1 at 4.
[6] Id. at 5.
[7] Id.
[8] Id.
[9] Id.
[10] Id. at 6.

Case No. 1:18CV02215
Gwin, J.

## II. Discussion

A. Standard of Review

Although *pro se* pleadings are liberally construed,[11] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[12] A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[13]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[14] and *Ashcroft v. Iqbal*,[15] governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[16] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.[17] Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements, and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[18] In reviewing a complaint, the Court must construe the pleading in the light most favorable to the *pro se* plaintiff.[19]

---

[11] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[12] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

[13] *Neitzke*, 490 U.S. at 327.

[14] 550 U.S. 544 (2007).

[15] 556 U.S. 662 (2009).

[16] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[17] *Twombly*, 550 U.S. at 564.

[18] *Iqbal*, 556 U.S. at 677-78.

[19] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

Case No. 1:18CV02215
Gwin, J.

B. Plaintiff's § 1983 Claims are Dismissed

To state a plausible § 1983 claim, Plaintiff must allege that: (1) a person acting under color of state law (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[20]

*Plaintiff fails to state a plausible § 1983 claim against McDonald and Dawson*

Plaintiff alleges that defendants McDonald and Dawson are reporters for the Plain Dealer and Fox 8 News. The Sixth Circuit uses three tests to determine whether a private individual is a state actor under § 1983: (1) the public function test, (2) the state compulsion test, and (3) the nexus test.[21] There are no allegations in the Complaint that the McDonald and Dawson house explosion reporting satisfies any of these tests. Indeed, "[m]any courts have found that media companies and their employees are not 'state actors.'"[22] Because McDonald and Dawson are not state actors, Plaintiff fails to state a plausible § 1983 claim against them and those claims are dismissed pursuant to § 1915(e).

*Plaintiff fails to state a plausible § 1983 claim against Gardner and Holbrook*

Plaintiff lists Gardner and Holbrook as defendants in the caption of the Complaint and alleges in that pleading that his Constitutional rights under the First and Fourteenth Amendments were violated. But Plaintiff does not allege any specific conduct on the part

---

[20] *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (citation omitted).

[21] *See Carl v. Muskegon Cty.,* 763 F.3d 592, 595 (6th Cir. 2014) (citation omitted).

[22] *Riser v. WSYX-TV ABC-6,* No. C2-02-091, 2002 WL 31409427, at *5 (S.D. Ohio July 17, 2002) (collecting cases).

Case No. 1:18CV02215
Gwin, J.

of either Gardner or Holbrook that arguably violated his Constitutional rights. Instead, he only makes conclusory allegations of wrongdoing.[23]

While the pleading standard to state a plausible claim for relief does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[24] A complaint that merely lists names in the caption of the complaint and alleges constitutional violations in the body of the complaint is insufficient to state a plausible claim for relief under § 1983.[25]

In the absence of specific allegations of unconstitutional conduct by Gardner and Holbrook, Plaintiff fails to state a plausible § 1983 claim for relief against them and those claims are dismissed pursuant to § 1915(e).

C. Plaintiff's §§ 1985 and 1986 Claims are Dismissed

To state a claim under § 1985, Plaintiff must allege that Defendants (1) conspired together, (2) for the purpose of depriving him of equal protection of the laws, (3) committed an act in furtherance of the conspiracy, (4) which injured him or deprived him of his rights and privileges as a citizen of the United States, and (5) Defendants' conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.[26]

---

[23] *See Frazier v. Mich.,* 51 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims where the "complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights ... or allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights") (citations omitted).

[24] *Iqbal*, 556 U.S. at 678 (citation omitted).

[25] *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted).

[26] *See Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citation omitted).

Case No. 1:18CV02215
Gwin, J.

The Complaint does not allege that Defendants engaged in a conspiracy to deprive Plaintiff of his civil rights, or that the purpose of any such alleged conspiracy was motivated by race or discriminatory animus. Plaintiff fails to state a plausible § 1985 claim upon which relief may be granted and that claim is dismissed pursuant to § 1915(e).

Plaintiff's § 1986 allegation also fails to state a claim. A § 1986 claim is dependent upon a valid § 1985 claim.[27] Because Plaintiff has failed to state a plausible claim under § 1985, his § 1986 claim also fails and is dismissed pursuant to § 1915(e).

D. Plaintiff's 18 U.S.C. § 241 Claim is Dismissed

Plaintiff lacks standing to assert a claim pursuant to 18 U.S.C. § 241. This statute relates to a federal criminal offense, and a private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts."[28] Only the government can bring such claims. Because Plaintiff lacks standing, he fails to state a plausible § 241 claim upon which relief may be granted and that claim is dismissed pursuant to § 1915(e).

E. Plaintiff's State Law Claims are Dismissed Without Prejudice

The Court's supplemental jurisdiction over Plaintiff's state law claims is controlled by 28 U.S.C. § 1367(c). That jurisidicational statute provides that a district court may decline to exercise supplemental jurisdiction over state law claims when all the federal claims over which the court has original jurisdiction have been dismissed.[29] Generally, the

---

[27] *See id.* at 1051 n.5 (citations omitted).

[28] *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986)).

[29] 28 U.S.C. § 1367(c)(3).

Case No. 1:18CV02215
Gwin, J.

Court should exercise its discretion and decline to hear state law claims when all federal claims are dismissed before trial.[30]

Having dismissed all of Plaintiff's federal claims, and seeing no other basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice to the Plaintiff's bringing a state lawsuit on those state law claims.

### III. Conclusion

For the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e), and his state law claims are dismissed without prejudice. Plaintiff's motion to proceed *in forma pauperis* is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 4, 2019           *s/  James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[30] *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966).